UNITED STATES of America and Marvin Schwartz, Revenue Agent, Internal Revenue Service, Petitioners,

v.

BACHE HALSEY STUART, INC., Respondent.

No. M–18–304 (RWS).

United States District Court, S.D. New York.

Sept. 28, 1982.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for petitioners; David M. Jones, Asst. U.S. Atty., New York City, of counsel.

Lane & Mittendorf, New York City, for intervenor; New York City, William E. Kelly, Leo S. Ullman, James L. Marketos, New York City, of counsel.

## OPINION

SWEET, District Judge.

Intervenor Hans Daniel Melchers ("Melchers") moves pursuant to 26 U.S.C. §§ 7402 & 7604 to quash the subpoena served upon respondent Bache Halsey Stuart, Inc. ("Bache") and to dismiss the petition of the petitioner United States of America ("the Government"). For the reasons stated below, the motion is denied.

A summons was issued by the Internal Revenue Service ("IRS") to render assistance to the Kingdom of the Netherlands pursuant to Article XXI of the Convention between the United States of America and the Kingdom of the Netherlands ("the

Netherlands") with respect to Taxes on Income and Certain Other Taxes ("the Convention"), 6 U.S.T. 3698, 62 Stat. 1757 and 26 U.S.C. § 7602. As a consequence of a letter dated August 28, 1980 the Netherlands requested the IRS to provide information to determine the income tax liability of Melchers. The IRS determined that it would honor the request, attempted to secure records pertaining to dividends paid to Melchers during 1976 and issued a subpoena to Bache for this purpose.

■ Melchers challenges the subpoena on several grounds. First, he claims that the Government has failed to make the showing required by *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), for enforcement of an IRS summons.[1] The Government

> must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

*Id.* at 57–58, 85 S.Ct. at 254–55. Specifically, Melchers argues that the Government has not established the following: that the Netherlands is conducting a civil tax investigation; that the request was authorized by a competent authority in the Netherlands and approved by a competent authority in the United States; and that the law of the Netherlands authorizes it to obtain the information.

The Government has met the burden imposed by *Powell*. Mindful that the provisions of both the Internal Revenue Code and the Convention are relevant to these proceedings, *see United States v. Lincoln First Bank, N.A.*, 80–1 U.S.T.C. (CCH) ¶ 9231 (S.D.N.Y.1980), this court concludes that the affidavit of Frederic P. Williams ("Williams affidavit"), Acting Director of the Office of International Operations of the IRS ("OIO"), is sufficient to establish each of the elements that Melchers contends is lacking.[2] *See United States v. Kis*, 658 F.2d 526, 536 & n. 28 (7th Cir.1981) (affidavits of IRS personnel sufficient to establish *prima facie* case under *Powell*), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982); *United States v. Chemical Bank*, 593 F.2d 451, 458 (2d Cir. 1979).

■ Melchers contends that the Government's failure to include the August 28, 1980 requesting letter as part of its submission precludes a finding that the Government has met its burden. This court has conducted an *in camera* inspection of the request,[3] and concludes that Melchers' contentions are unfounded.

■ Once the Government has made its *prima facie* showing, the burden shifts to the subpoenaed party to rebut the Government's allegations. *Agricultural Asset Management Co. v. United States*, 688 F.2d 144 (2d Cir.1982); *Kis, supra*, 658 F.2d at 539; *United States v. O'Henry's Film Works, Inc.*, 598 F.2d 313, 320 (2d Cir.1979). Melchers has failed to sustain this burden.

Melchers has offered no evidence to support his contentions regarding the existence of a civil tax investigation in the Nether-

---

1. Melchers does not contest that the IRS summons power may be used to honor a request for information by a treaty partner. *See United States v. A.L. Burbank & Co.*, 525 F.2d 9 (2d Cir.1975), *cert. denied*, 426 U.S. 934, 96 S.Ct. 2647, 49 L.Ed.2d 386 (1976).

2. The affidavit states that Mr. Williams is the competent authority in the United States for administering requests by treaty partners and that he has determined that the Netherlands' request is within the Convention. The affidavit further states

that the requested information may be relevant to a determination of the correct tax liability of Hans Daniel Melchers under Netherlands law, that the request was issued in the course of a civil tax investigation by Netherlands taxing authorities, and that the same type of information can be obtained by tax authorities under the law of the Netherlands.
Williams affidavit ¶ 4.

3. The request letters are treated by the IRS as secret and privileged pursuant to Article XXI of the Convention.

lands, or whether the request was made by a competent authority in the Netherlands.[4]

Furthermore, Melchers misreads *United States v. Lincoln First Bank, N.A., supra.* In that case, the court denied enforcement of an IRS subpoena issued pursuant to a tax treaty request from Norway because the Government had not shown "that enforcement of the summons would not be inconsistent with Norwegian law." *Id.* at 83,405. The Williams affidavit establishes a *prima facie* showing that the information sought here could be obtained under the law of the Netherlands. *See* n. 2, *supra.* Melchers has offered nothing in rebuttal.

■ Melchers' arguments that Mr. Williams, as Acting Director of OIO, is not the "competent authority" in the United States are not persuasive. The Convention in Article II(1)(j) designates the Commissioner of Internal Revenue or his duly authorized representative as "competent authority" for the United States. The Commissioner, by Delegation Order No. 114 (Rev. 2, August 28, 1980), delegated authority to administer the operating provisions of the Convention to the Assistant Commissioner (Compliance). This authority was redelegated, by Compliance Delegation Order No. 14 (Sept. 12, 1980), to the Director of International Operations. The Compliance Delegation Order stated that its purpose was

> to allow *routine* competent authority correspondence to be signed at the division level. Competent authority correspondence involving sensitive or substantive policy matters will continue to be prepared for the signature of the Assistant Commissioner (Compliance).

(emphasis in original). Melchers has not shown that the request is anything other than routine. It surely does not involve "sensitive or substantive policy matters." Thus, Mr. Williams, as Acting Director of OIO, is competent authority for the purposes of this request.

■ Additionally, Melchers claims that the information sought from Bache relates

to a Swiss account which, because it was maintained by Melchers solely for the benefit of his father during the year in question (1976), is irrelevant to the Netherlands' request. A "low threshold of relevance" is required for the enforcement of IRS subpoenas. *United States v. Arthur Young & Co.,* 677 F.2d 211, 218–19 (2d Cir.1982). The test, in the usual context of an IRS investigation, is whether the requested information might "throw light" upon the correctness of a return. *Id.* at 218; *United States v. Noall,* 587 F.2d 123, 125 (2d Cir.1978), *cert. denied,* 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979). Applying the same standard here, it is not possible to say that the information pertaining to the Swiss account will not "throw light" upon Melchers' Netherlands tax liability. For example, the records of the Swiss account may "flush out" related accounts, *see United States v. Chemical Bank, supra,* 593 F.2d at 458.

For the reasons stated above, Melchers' motions are denied.

IT IS SO ORDERED.